## Weekly Abstract of PENDING CASES

### No. 387

GHASTER v. FOSTORIA (City) et.

No. 19618.  Supreme Court

On motion to certify.  Dock. Feb. 8, 1926; 4 Abs. 112.

639.  INJUNCTION—May the owner of property abutting a street in a city obtain an injunction restraining the city and a railroad from moving tracks from the center of the street to the side of the street adjoining said property, when it appears that such change will greatly damage the property of the petitioner and no condemnation proceedings have been instituted.

S. L. Ghaster brought this suit originally in the Seneca Common Pleas against the City of Fostoria, the Board of Commissioners of Seneca County, the New York, Chicago and St. Louis Railroad Co. and the Fostoria and Fremont Railway Co., wherein an injunction was sought restraining the defendants from making certain contemplated street improvements wherein tracks in the street abutting Ghaster's property were to be removed to the side of the street next to his property.

The judgment of the Seneca Common Pleas was in favor of the defendants and this judgment was affirmed by the Court of Appeals.

It appears that tracks of the N. Y., Chic., & St. L. Rd. Co. run along one of the main highways of the city and tracks of the Fostoria & Frem. Ry. Co. also run adjacently along this street.

The city passed legislation which provided for the improvement involved the removal of the tracks of the N. Y., Chic. & St. L. Rd. Co. tracks to the side of the street adjacent to Ghaster's property.  The county was to share the expense of this improvement.

Ghaster, in his petition alleged that such removal of the tracks would endanger the lives of pedestrians using the sidewalk in front of this property; that the trains running on said tracks would extend over the sidewalk; that his property would be rendered useless for business purposes; that the fire hazard would be increased and that he will suffer an unabateable nuisance thereby.

The prayer was in the alternative, viz: for an injunction against the improvement or that the city and county be required to modify the plans so as to avoid the injury complained of.

Ghaster, in the Supreme Court, contends:

1.  That his constitutional right to be compensated for public use of his property has been transgressed, by failure to condemn the property necessary for such improvement as provided by law.

2.  That he will suffer an irreparable injury if the injunction is refused.

Attorneys—A. G. Fuller, Findlay, for Ghaster; O. R. Wade and R. C. Guernsey, Fostoria, and W. K. Keppel, Tiffin, for defendants.